IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )    CRIMINAL ACTION NO.
                            )        2:05cr28-MHT
SHAWN DEMETRIUS CROSKEY     )            (WO)
```

### FINDINGS OF FACT AND VERDICT

In a revocation petition and amended revocation petition (Doc. Nos 35 & 44), defendant Shawn Demetrius Croskey is charged with two violations of supervised release: First, that he violated the mandatory condition that he "shall not commit another federal, state or local crime" and, second, that he violated the mandatory condition that he "shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."

The evidence, as presented to the court, reflects the following facts: On April 25, 2008, at roughly 12:15 am, Kavonda Latrice Hill, a working student, was seated on a

sofa doing homework in the living room of her residence located at 1550 Midway St, Montgomery, Alabama. At the time, her husband, Clem Hill, was in a bedroom located toward the back half of the house.

As Mrs. Hill did her homework, she heard the alarm go off in her home. Shortly thereafter, she heard a loud noise that sounded like a gunshot come from the back half of the residence. She then heard her husband yell, "Run." At that time, Mrs. Hill ran toward the front door, but before she could exit, one of the perpetrators yelled for her to turn around. That perpetrator had a revolver in his hand that was aimed directly at her. Moments later, another perpetrator arrived, who also had a gun.

Both perpetrators demanded that she turn off the home's alarm system. She wanted to know what they wanted from her. She told the perpetrators that she had a young baby who depended on her as a caregiver. One of the perpetrators, who she now identifies as Croskey, told her

that he did not care whether she had a baby or not. Mrs. Hill then told the perpetrators that she had $100 in her purse. They asked where her money was located. As the alarm continued to sound, the perpetrators began to move around the living room frantically. Mrs. Hill used this opportunity to run toward the front door.

While Mrs. Hill does not remember exactly how she exited the front double-bolted door, she does remember running out of the door onto her front yard, where she immediately began screaming loudly and running westward on Midway. She noted as she ran that the perpetrators had exited the back of the house, and were running eastward. And, while she observed that there was a car parked to the east of her house on Midway, in front of a vacant home, she did not see the perpetrators enter that car. As she ran, she also noted that neighbors were coming out of their homes to learn the source of the commotion.

Montgomery patrol officers responded to a call shortly thereafter about the gunfire at the Hill residence.  Mr. Hill had been shot in the left shoulder and was transported by an ambulance to a hospital for treatment.

A vehicle was seized the night of the robbery, just to the east of the Hill residence on Midway.  The keys were still in the vehicle and the CD player was playing.  The car's ignition was turned to "on," though the car had stopped running when the officers seized the vehicle.  The vehicle had the license plate number AT87590.

Traffic citations show that, on April 21, 2008, Croskey drove the same car, with the license plate number AT87590, parked near the Hills' home the night of the robbery.  On that date, he was cited for not having a rear view mirror in the vehicle and for not having insurance.

Based on this evidence, officers presented a photo-lineup to Mrs. Hill. Mrs. Hill identified Croskey as one of the assailants.

For two reasons, the court is convinced beyond a reasonable doubt, and so finds, that Croskey was one of the persons who intentionally and willfully held Mrs. Hill at gun point and asked her for money. First, the court credits and finds reliable Mrs. Hill's identification of Croskey as one of the perpetrators. Second, that Croskey was on the scene of the crime is supported by circumstantial evidence that, on April 21, Croskey drove the car that was seized the night of the robbery on April 25, with the keys still in the ignition, with the ignition turned on, and with the CD player playing. This second piece of evidence reinforces Mrs. Hill's identification.

Section of 13A-8-41 of the 1975 Alabama Code provides that, "A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he is armed

with a deadly weapon or dangerous instrument."  Section 13A-8-43 of the 1975 Alabama Code provides that, "A person commits the crime of robbery in the third degree if in the course of committing a theft he threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."

The court finds, from the evidence and beyond a reasonable doubt, that, in the course of committing a theft in the home of Mrs. Hill, Croskey threatened the imminent use of force against Mrs. Hill with intent to compel her to give up her money and that Croskey was armed with a deadly weapon in the form of a gun, and he intended to use it against her if she did not turn over the money.  Croskey committed the state offense of Robbery in the First Degree.

The court also finds that Croskey knowingly and willfully possessed a firearm on April 25, 2008.  As a convicted felon, he was not to possess such.

Croskey is therefore guilty of both charges in the revocation petitions.

DONE, this the 1st day of August, 2008.

                                         /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE